[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15012
Non-Argument Calendar

_____

D. C. Docket No. 06-20277-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL SALVADOR HERNANDEZ-GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2007)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Salvador Hernandez-Gomez appeals as unreasonable his sentence of

46 months of imprisonment for illegal reentry into the United States. The advisory guidelines range was 46-57 months of imprisonment and the statutory maximum was ten years of imprisonment. Hernandez-Gomez argues that the district court expressed his disagreement with the guidelines range and imposed an unreasonable sentence. See 18 U.S.C. § 3553(a). We affirm.

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

The district court did not err. The district court correctly recognized that its general disagreement with the Sentencing Guidelines was not a legitimate reason to vary from the Guidelines. See United States v. Williams, 456 F.3d 1353, 1366 (11th Cir. 2006), petition for cert. filed, No. 06-7352 (U.S. Oct. 19, 2006). The district court considered the factors in section 3553(a) and sentenced Hernandez-

2

Gomez well below the statutory maximum and at the low end of the guidelines range. That sentence is not unreasonable.

Hernandez-Gomez's sentence is

**AFFIRMED.**